[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On September 25, 2001, the plaintiffs filed this three count action against the defendants, Michael and Bernadette Kallas, claiming a violation of § 47a-7 (a)(2) of the General Statutes; negligence and nuisance. The plaintiffs allege the following facts. On September 26, 1999, D'Andre Perkins was at a two family apartment house in Danbury as a social invitee of the tenants. The house is owned, maintained and controlled by the defendants. Perkins was playing on the second floor rear porch when it collapsed and caused him to fall and sustain injuries. The defendants have moved to strike the General Statutes §47a-7 (a)(2) claim (first count) and nuisance claim (third count), asserting that the plaintiffs have failed to allege the necessary elements for both counts.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580
(1997). "This includes the facts necessarily implied and fairly provable under the allegations. . . ." (Internal quotation marks omitted.)Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490,495 (1992).
With respect to the first count, the defendants argue that the motion should be granted as a result of the plaintiffs' failure to allege that they had a landlord-tenant relationship and that such a relationship is required to establish a claim under § 47a-7 (a)(2).[1] The CT Page 8328 plaintiffs counter that the statute does not contain language that limits its protections solely to tenants.
"It is well established that [i]n order to establish liability as a result of a statutory violation, a plaintiff must satisfy two conditions. First, the plaintiff must be within the class of persons protected by the statute. . . . Second the injury must be of the type which the statute was intended to prevent." (Citations omitted; internal quotation marks omitted.) Gore v. People's Savings Bank, 235 Conn. 360,375-76 (1995).
Although § 47a-7 (a)(2) does not specifically state that a plaintiff must allege a landlord-tenant relationship, coordinate courts have granted these motions based upon a plaintiffs failure to allege such a relationship when seeking recovery under this statute. See Lopez v.Tobacco Valley, Superior Court, judicial district of New Britain at New Britain, Docket No. 499102 (September 1, 2000, Kocay, J.); Otfinowski v.Bedrossian, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 539040 (February 15, 1996, Hennessey, J.).
In the present case, the plaintiffs do not allege that they are the defendants' tenants but that they were social invitees of the tenants. The plaintiffs cite no legal authority for their argument that the statute affords protection to individuals who are not tenants. Accordingly, the defendants' motion to strike the claimed violation of § 47a-7 (a)(2) is granted.
The attack on the third count asserts that the plaintiffs failure to "sufficiently" allege in their nuisance count that the dangerous condition was a continuing one, and only alleged the single act of the porch collapsing. The response from the plaintiffs is that they have sufficiently alleged a continuing danger by stating that the "second floor rear porch [was] pulling away from the structure of the house" and that this condition "had a natural tendency to create danger and to cause injuries and damages to the plaintiff."
"A common-law nuisance claim consists of four core elements: (1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was the proximate cause of the plaintiffs injury and damages." (Brackets in original; internal quotation marks omitted.) Elliott v. Waterbury, 245 Conn. 385, 420 (1998). With regard to the second element, the Supreme Court has held "the danger created must have been a continuing one, as opposed to a single act." (Internal quotation marks omitted.) Kostyal v. Cass, 163 Conn. 92, 100
CT Page 8329 (1972).
Contrary to the defendants' argument, the plaintiffs have alleged more than the single act of the rear porch collapsing. The court finds that the allegations "sufficiently" allege that the danger of the porch pulling away from the house was a continuing one. The motion to strike the count sounding in nuisance is denied.
 ___________________ Moraghan, J.T.R.